IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDUARDO PENALOZA,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,
et al.,

        Defendants.

Case No. 1:14-cv-00020-AC

ORDER

HERNANDEZ, Judge.

    Plaintiff, an inmate at the Giles W. Dalby Correctional Institution in Post, Texas, brings this civil rights action *pro se*. On February 11, 2014, this Court issued an Order dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Due to his *pro se* status, Plaintiff was advised of the deficiencies of his Complaint and was given 30 days to file an Amended Complaint curing those deficiencies. Plaintiff was advised that failure to file an Amended Complaint within the time provided would result in the dismissal of these proceedings. On March 20, 2014, the Court entered an Order and Judgment dismissing this action based on

1 - ORDER -

Plaintiff's failure to file an Amended Complaint within the time provided in the February 11, 2014, order.

On March 28, 2014, the Court received an Amended Complaint from Plaintiff.  The Amended Complaint was signed by Plaintiff on March 11, 2014, before the deadline set in the Court's February 11, 2014.  Because it appears Plaintiff attempted to comply with the time constraints set forth in the Court's February 11, 2014, IT IS ORDERED that the Order and Judgment of Dismissal based upon Plaintiff's failure to file an Amended Complaint are hereby WITHDRAWN, and Court will consider Plaintiff's Amended Complaint.

The Court dismissed Plaintiff's original Complaint on the basis that it was not filed within the two-year limitations period for claims under either *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) or the Federal Tort Claims Act.  In his Amended Complaint, Plaintiff alleges he knew or had reason to know the basis of his Fourth Amendment at the time of the September 3, 2010, incident which resulted in his deportation.  He claims, however, that the limitations period should be subject to either statutory or equitable tolling because he was not able to file the action until January 6, 2014, less than two years after his re-entry into the United States on March 1, 2012.

While state law may provide a basis for tolling the limitations period for *Bivens* or FTCA actions, Plaintiff does not

allege any facts to suggest how or why Oregon's two-year limitations period might be subject to either statutory or equitable tolling. *See, e.g., Williams v. Feather*, 2014 WL 1030583, * 2 (D. Or., March 12, 2014) (court could locate no authority suggesting that federal courts in Oregon may apply equitable tolling in *Bivens* cases). Accordingly, the Court finds Plaintiff's Amended Complaint fails to cure the deficiencies noted in the Order dismissing Plaintiff's original Complaint, and this action must be dismissed.

## CONCLUSION

For these reasons, IT IS ORDERED that the Court's March 20, 2014, Order and Judgment of Dismissal are hereby WITHDRAWN, and the Clerk of the Court is DIRECTED to strike them from the record. Having reviewed Plaintiff's Amended Complaint [15] and finding that it fails to cure the deficiencies noted in the Order dismissing Plaintiff's original Complaint, however, IT IS FURTHER ORDERED that the Amended Complaint is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

DATED this ___ day of April, 2014.

Marco Hernandez
Marco A. Hernandez
United States District Judge